IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JAMES JOHNSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action, Case No.: 1:14-cv-1020 |
| v. | ) |
| | ) |
| COX OIL COMPANY, INC. | ) JURY DEMAND |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, James Johnson, by and through his undersigned counsel, and for his Complaint states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the State of Tennessee, and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.*

### THE PARTIES

2. Plaintiff James Johnson is a resident of Union City, Obion County, Tennessee. Mr. Johnson was, at all relevant times, an employee of Defendant. Mr. Johnson is and, during his employment, was an African-American

3. Defendant Cox Oil Company, Inc. is a Tennessee corporation with its principal place of business located at 623 Perkins Street, Union City, TN  38261-3949.  Defendant's registered agent for service of process is Michael E. Cox, who may be served at 623 Perkins Street, Union City, TN  38261-3949.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the federal claim brought by Mr. Johnson pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, because it raises a federal question pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Mr. Johnson's state-law claim pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendants' challenged conduct occurred in Obion County, Tennessee, which is located within this judicial district.

6. Mr. Johnson filed a timely charge of discrimination with the Equal Employment Opportunity Commission. Mr. Johnson received a Notice of Right to Sue from the EEOC with respect to the charges set forth below less than ninety days prior to the filing of this Complaint. A copy of the Notice of Right to Sue is attached hereto as Exhibit A.

## FACTUAL BACKGROUND

7. Defendant operates several gas station / convenience stores in northwest Tennessee.

8. Mr. Johnson worked for Defendant as an Assistant Manager / Cashier for just under five years.

9. As an Assistant Manager / Cashier, Mr. Johnson was expected to complete a cash report, help stock the store, operate a cash register, and perform related duties at his assigned store. Defendant also sent Mr. Johnson to other stores to fill in and complete the cash report for absent store managers.

10. Defendant never trained Mr. Johnson in how to complete a cash report.

11. As a result of this lack of training, Mr. Johnson regularly added the number of cigarettes sold into the cash count instead of subtracting that number as it should have been. Mr. Johnson did not know this was a mistake, however, because his supervisor had always corrected this mistake without notifying Mr. Johnson that he had made a mistake.

12. On or about March 25, 2013, Mr. Johnson's supervisor took a day off. Dustin McBride filled in for Mr. Johnson's supervisor.

13. Mr. Johnson did his cash count as he always did on the day Mr. McBride acted as his supervisor.

14. When Mr. McBride saw the mathematical mistake in Mr. Johnson's count, however, Mr. McBride called Mr. Johnson and accused him of stealing cigarettes and lottery tickets or of covering for someone else who did.

15. Mr. Johnson did not steal anything or cover for anyone who did. He stated this fact to Mr. McBride.

16. Upon request, Mr. Johnson showed Mr. McBride how he performed his cash counts. This revealed Mr. Johnson's mathematical error and demonstrated that the cash count was accurate when the error was corrected.

17. Defendant's inventory person determined that no inventory was missing from the store for which Mr. Johnson had conducted the subject cash count.

18. Nevertheless, Defendant terminated Mr. Johnson. Thereafter, Mr. McBride told various individuals and administrative agencies that Mr. Johnson had been terminated after he was arrested for stealing cigarettes.

19. Mr. Johnson did not steal any cigarettes and was not arrested for doing so.

20. Mr. McBride has stated to other individuals that he believes African-American employees steal cigarettes, are lazy, and will take advantage of their employers.

21. Defendant's disparate treatment of Mr. Johnson was motivated by his race.

22. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

23. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Mr. Johnson has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

24. Mr. Johnson realleges and incorporates herein the allegations contained in Paragraphs 1 – 23.

25. Defendant's actions alleged herein constitute discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

26. Mr. Johnson's race was a motivating factor in Defendant's treatment of him.

27. Defendant's actions on the basis of Mr. Johnson's race were willful and knowingly committed.

28. As a direct and proximate result of Defendant's adverse treatment of Mr. Johnson in violation of Title VII of the Civil Rights Act of 1964, Plaintiff was injured and suffered damages.

29. Mr. Johnson has sustained a loss of back pay, benefits, incidental expenses, and front pay.

30. Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Mr. Johnson's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT II

### RACE DISCRIMINATION IN VIOLATION OF THE TENNESSEE HUMAN RIGHTS ACT

31. Mr. Johnson realleges and incorporates herein the allegations contained in Paragraphs 1 – 30.

32. Defendant's conduct constitutes illegal race discrimination in violation of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.*

33. As a result of Defendant's conduct, Mr. Johnson suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of twelve try this cause;

3. That, upon the trial of this matter, Plaintiff be awarded judgment for damages of the lost compensation he has suffered from the date of Defendant's discriminatory actions, in an amount to be proven at trial;

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That the Plaintiff be awarded additional compensatory damages including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial;

6. That costs and discretionary costs be taxed against Defendant;

7. That costs and attorney's fees be assessed against Defendant pursuant to 42 U.S.C. § 2000e-5(k) and Tenn. Code Ann. § 4-21-311(b);

8. That Defendant be ordered to pay punitive damages in an amount to be determined at trial pursuant to Count I;

9. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

10. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger_____
D. Wes Sullenger, KY BAR # 91861
TN BPR # 021714

Sullenger Law Office, PLLC
100 Fountain Avenue, Suite 317
Paducah, KY  42001
Voice:  (270) 443-9401
Fax:     (270) 443-3624

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*James Johnson*